FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA 2006 MAY -1  PM 3: 41

STATESBORO DIVISION

CLERK _L. Jelesder_
SO. DIST. OF GA.

KENYA ROSHAY GREEN,                      )
                                         )
        Plaintiff,                       )
                                         )
vs.                                      )      CV 605-129
                                         )
MIKE KILE, Sheriff; MICHAEL              )
MULDREW, Assistant District Attorney;    )
and SCREVEN COUNTY SHERIFF'S             )
DEPARTMENT;                              )
                                         )
        Defendants.                      )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate at Wilcox State Prison in Abbeville, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Mike Kile, ("Kile") the Sheriff of Screven County, Georgia, (2) Michael Muldrew ("Muldrew"), an Assistant District Attorney for the Ogeechee

Judicial Circuit, and (3) the Screven County Sheriff's Department ("SCSD"). (Doc. no. 1, pp. 1-2). Plaintiff alleges that Defendant Kile violated his civil rights by holding him at the county jail for 96 hours without being given bond or a hearing before a magistrate.[1] (Id. at 3). Plaintiff further alleges that, when he was finally given a bond of $20,000.00, the state judge decided on this "ridiculous amount" because Plaintiff is Black. (Id. at 4). Defendant Kile then refused to allow Plaintiff to "bond out on a property bond" instead of a cash bond, also purportedly because Plaintiff is Black. (Id.).

Plaintiff further complains of the conditions he suffered while at the jail. (As noted above, Plaintiff is presently incarcerated at Wilcox State Prison in Abbeville, Georgia. (See doc. no. 7)). According to Plaintiff, Defendant Kile knowingly subjected Plaintiff to deplorable living conditions, including exposure to raw sewage. (Doc. no. 1, p. 5). Plaintiff also reports that inmates at the jail face violent retaliation for complaining about the unsanitary conditions. (Id.). Plaintiff further maintains that inmates at the jail are segregated by race. (Id.). In addition, Plaintiff complains that a white inmate being held at the jail was given a clean room and a television because he is a personal friend of Defendant Kile. (Id. at 6).

Next, Plaintiff complains that he was not afforded hot meals at the jail. (Id. at 7). Furthermore, Plaintiff relates that he was denied medical care and Tylenol, although he does not explain the nature of his medical needs or any resulting injury. (Id.). Plaintiff also

---

[1]Although it is not entirely clear, Plaintiff maintains that he was transferred from a state prison to the county jail "to answer for the charge of criminal attempt to escape." (Doc. no. 1, p. 3). Thus, it appears a probable cause determination was made and that an arrest warrant or detainer was issued while Plaintiff was incarcerated in state prison.

2

complains that "inmates" receive their mail late and that deputies often open legal mail before giving it to the inmates. (Id. at 8). Plaintiff also alleges that he was denied adequate legal materials so as to effectively represent himself in his criminal proceedings. (Id.).

What is more, Plaintiff contends that Defendant Kile wrongfully gives certain inmates special privileges which he does not afford to other inmates. These privileges include sentence modifications, being allowed to leave the jail unsupervised for certain periods of time, and being selected for special work projects for Defendant Kile. (Id.). Next, Plaintiff complains that Defendant Muldrew's prosecution of Plaintiff was "selective." (Id. at 9). Finally, Plaintiff avers that female inmates at the jail are routinely sexually abused by jail staff. (Id. at 10-11).

## II.  DISCUSSION

### A.   Claims for "Selective" Prosecution

A number of Plaintiff's claims fail as a matter of law and should be dismissed.[2] First, Plaintiff attempts to sue Defendant Muldrew for "selectively" prosecuting him. To the extent Plaintiff is attempting to state a claim for malicious prosecution, he has fallen woefully short. "[I]n order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused." Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998). Plaintiff has made no such allegations; indeed, he is presently attempting to challenge his convictions in a separate proceeding brought pursuant to 28 U.S.C. § 2254. See Green v. Donald, CV 605-119, doc. no. 1, pp. 4-5 (S.D. Ga. Oct. 31, 2005)(petition for writ of habeas corpus challenging

---

[2]Plaintiff's arguably viable claims are addressed via separate Order.

convictions for perjury, making false statements, and attempted escape).

Similarly, "[t]o state a claim for selective prosecution, [Plaintiff] must demonstrate that []he was prosecuted while others similarly situated were not, and furthermore that the government prosecuted h[im] invidiously or in bad faith." Gary v. City of Warner Robins, 311 F.3d 1334, 1339 n.12 (11th Cir. 2002)(internal quotation omitted). Plaintiff has pled no such allegations.[3] Thus, Plaintiff's claims regarding his prosecution fail as a matter of law. Regardless, "[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). "The prosecutorial function includes the initiation and pursuit of criminal prosecution." Id. Thus, Plaintiff has not stated a viable claim against Defendant Muldrew.

## B.    Claims Regarding Harms to Other Inmates

Next, Plaintiff seems to complain that *other* inmates at the jail were subjected to involuntary servitude, excessive force, retaliation, sexual abuse, and other wrongs. Of course, to the extent Plaintiff may complain that Defendant Kile, or anyone else for that matter, has committed a crime, such alone does not give Plaintiff a private right of action. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Simply put, to the extent that Plaintiff raises criminal allegations against Defendants, he lacks

---

[3]In addition, to the extent Plaintiff's claims rest on the invalidity of his imprisonment, no § 1983 claim can accrue until that invalidity is proven. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In other words, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then the § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487.

4

standing to raise such claims.   More generally, Plaintiff does not have standing to raise

claims regarding the violation of others' rights.  Bennett v. Hendrix, 423 F.3d 1247, 1253

(11th Cir. 2005)("For Article III standing purposes, then, the plaintiff must allege personal

injury fairly traceable to the defendant's allegedly unlawful conduct." (internal quotation

omitted)).   Thus, Plaintiff's claims regarding harms allegedly suffered by other inmates

should be dismissed.

**C.     Claims Regarding Pretrial Bond**

Next, Plaintiff's claims regarding his bond also fail.  To begin, the Court notes that

Plaintiff chiefly alleges that his $20,000.00 bond was excessive because he was charged with

only misdemeanors.  (Doc. no. 1, p. 4).  On the contrary, Petitioner was charged with

attempted escape, perjury, and making false statements, which are all felonies. See O.C.G.A.

§§ 16-4-1 (attempt), 16-10-52 (escape), 16-1-20 (false statements), & 16-10-70 (perjury).

Thus, Plaintiff's claim of excessive bail appears dubious from the outset.  See, e.g.,

Broussard v. Parish of Orleans, 318 F.3d 644, 650 (5th Cir. 2003)("requiring $750,000 bail

from a defendant deemed to be a flight risk is *not* excessive even though the defendant is

unable to pay the bail").  Simply put, Petitioner has set forth no facts showing that his bond

was unreasonable or excessive.

Nor has Plaintiff stated a viable equal protection claim, as he has not identified a

similarly situated individual (*e.g.*, a white person charged with the same conduct) who was

given the lower bond amount to which Plaintiff believes he was entitled.  Nor did Petitioner

have any constitutional right to a property bond. See, e.g., Walden v. Carmack, 156 F.3d

861, 874 (8th Cir. 1998).  In addition, as none of the named Defendants were responsible for

setting Plaintiff's bond or bail, it is difficult to see how Plaintiff's allegedly excessive bond gives rise to a claim against Defendants.  See O.C.G.A. § 17-6-1 (bond set by judicial officer).

D.      **Claims Regarding Medical Care, Cold Meals, Legal Mail, Retaliation, and Access to the Courts**

Plaintiff's claims regarding the denial of medical care also fail.  The Eighth Amendment[4] proscribes only deliberate indifference to a serious medical need.   Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Plaintiff has not alleged that he had a serious medical need, much less that Defendants were deliberately indifferent.   Similarly, Plaintiff's complaint regarding cold meals falls well short of a claim of constitutional magnitude.  In the prison-conditions context, a deprivation does not take on constitutional dimension unless it "result[s] in the denial of the minimal civilized measure of life's necessities."  Id. (internal quotation omitted).  Simply put, Plaintiff did not have a constitutional entitlement to hot meals.  See Brown-El v. Delo, 969 F.2d 644, 648 (8th Cir. 1992)(holding that prisoner's constitutional rights were not violated when he was served cold food).

Finally, Plaintiff's claims regarding legal mail, retaliation, and access to legal reference materials also fail. To begin, it is of course true that prisoners have a constitutional right under the Fourteenth Amendment to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977).  Thus, prisoners are entitled to legal research materials *or*

---

[4]The Due Process Clause of the Fourteenth Amendment functions to provide pretrial detainees with essentially the same level of protection as that afforded convicted prisoners by the Eighth Amendment. See Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996); Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985).  Thus, regardless of whether Plaintiff was being held as a pretrial detainee or a convicted inmate, the same legal standard would apply.

6

assistance from persons trained in the law. Id. Here, Plaintiff was apparently provided counsel and nevertheless elected to proceed *pro se*. (Doc. no. 1, p. 8; see also Green v. Donald, CV 605-119, doc. no. 1, pp. 4-5 (S.D. Ga. Oct. 31, 2005)). "[A] prisoner who voluntarily, knowingly and intelligently waives his right to counsel in a criminal proceeding is not entitled to access to a law library or other legal materials." United States v. Taylor, 183 F.3d 1199, 1205 (10th Cir. 1999). In providing Plaintiff with counsel, the state complied with its constitutional obligations.

On the other hand, Plaintiff's claims regarding his legal mail and allegations of retaliation fail because they are vague and conclusory. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984)(vague and conclusory accusations insufficient to state civil rights claim). Plaintiff does not explain who opened his mail, what mail was actually opened, or what harm he allegedly suffered as a result. Similarly, Plaintiff does not explain who retaliated against him or why, much less "put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury." Crawford-El v. Britton, 523 U.S. 574, 598 (1998). Accordingly, his claims on this score should be dismissed.

**E.      Claims against Defendant SCSD**

Finally, Plaintiff has failed to state a claim against Defendant SCSD. In Georgia, claims for monetary damages against the sheriff in his official capacity--or against a sheriff's department--regarding the administration of a county jail are claims against an arm of the State. Consequently, such claims are barred by sovereign immunity. See Purcell ex rel. Estate of Morgan v. Toombs County, 400 F.3d 1313, 1324-25 (11th Cir. 2005). Thus,

7

Plaintiff's claims against Defendant SCSD fail as a matter of law.

## III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendants Muldrew

and SCSD be **DISMISSED**.  The Court also recommends that Plaintiff's claims regarding

his "selective prosecution," harms to other inmates, pretrial bond, medical care, meals, legal

mail, retaliation, and access to legal materials be **DISMISSED** as incognizable.

SO REPORTED and RECOMMENDED this /4†day of May, 2006, at Augusta,

Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

8